UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-25-SEB-MJD-08 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JUSTIN M. ROBERTS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16-cr-00025-SEB-MJD ) |
| JUSTIN M. ROBERTS, | ) -08 ) |
| Defendant. | ) |

## **ORDER**

Defendant Justin M. Roberts has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 530. Mr. Roberts seeks immediate release from incarceration, or, in the alternative, to serve the remainder of his custodial term on home confinement.[1] Dkt. 582. For the reasons explained below, his motion is **DENIED**.

**I.   Background**

On February 3, 2016, Mr. Roberts was charged with one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and three counts of distribution of a

---

[1] Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. Roberts's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Roberts's sentence to time served. *See United States v. Millbrook*, No. 20-2147, 2021 WL 960743, at *2 (7th Cir. Mar. 15, 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

2

controlled substance, in violation of 21 U.S.C. § 841(a)(1). Dkt. 1. A year later, Mr. Roberts pled guilty to two counts of distribution of methamphetamine (mixture), in violation of 21 U.S.C. §§841(a)(1) and 851 (Counts 2 and 3). Dkts. 448, 451. In the plea agreement, Mr. Roberts agreed to plead guilty to the two counts of distribution of a controlled substance, and the United States agreed to dismiss the conspiracy count and the other distribution count. Dkt. 296 at 1. The Court sentenced Mr. Roberts to concurrent terms of 156 months of imprisonment on each count, to be followed by 6 years of supervised release. Dkts. 448, 451. The Bureau of Prisons ("BOP") lists Mr. Roberts's anticipated release date (with good-conduct time included) as March 23, 2027.

Mr. Roberts is 43 years old. He is currently incarcerated at FCI Gilmer in Glenville, West Virginia. As of June 10, 2021, the BOP reports that no inmates or staff members at FCI Gilmer have active cases of COVID-19; it also reports that 293 inmates at FCI Gilmer have recovered from COVID-19 and that 1 inmate at FCI Gilmer has died from the virus. https://www.bop.gov/coronavirus/ (last visited June 10, 2021). The BOP also reports that 1037 inmates and 141 staff members at FCI Gilmer have been fully inoculated against COVID-19. *Id.* That is, 67% of the inmates at FCI Gilmer have been fully inoculated against COVID-19. *See* https://www.bop.gov/about/statistics/population_statistics.jsp (showing that as of June 9, 2021, the BOP reports that FCI Gilmer and the camp at Gilmer have a total inmate population of 1552).

In June 2020, Mr. Roberts filed a pro se motion for compassionate release. Dkt. 530. The Court appointed counsel, dkt. 564, and appointed counsel filed a brief/memorandum in support of the motion, dkt. 582. The United States filed an opposition to the motion, dkt. 586, and Mr. Roberts filed a reply, dkt. 588. Thus, the motion is now ripe for decision.

**II.     Discussion**

Mr. Roberts seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkts. 582. Specifically, he contends that his advanced age and HIV-positive status, which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In opposition, the United States argues that Mr. Roberts has not established extraordinary and compelling reasons warranting release; that he would pose a danger to the community if released; and that the § 3553 sentencing factors weight against granting release. Dkt. 586.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[2] Mr. Roberts submitted a request for compassionate release to his warden on August 14, 2020. Dkt. 546 at 4. More than 30 days have passed, and Mr. Roberts has not received a response.

>> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which

"substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . ."). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

6

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction;[3] (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Roberts asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case because he has conditions (advanced age and HIV) that increase his risk of experiencing severe COVID-19 symptoms. Dkt. 582. The CDC (Centers for Disease Control) has recognized that having HIV can make you more likely to get severely ill from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 10, 2021). While it appears that Mr. Roberts may be managing his condition while incarcerated, the Court will assume without deciding that Mr. Roberts's risk of developing severe symptoms if he contracts COVID-19 creates an extraordinary and compelling reason that could warrant a sentence reduction.

This does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Roberts's request for compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b)

---

[3] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court would typically consider the rationale provided by Mr. Roberts's warden in denying Mr. Roberts's administrative request for relief. However, as stated above, Mr. Roberts's warden did not respond to his request for relief. Thus, there is no rationale to consider.

to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Roberts's motion.

Here, Mr. Roberts suffers from a medical condition that increases his risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 10, 2021) (identifying HIV as a condition that can make you more likely to get severely ill from COVID-19). While FCI Gilmer experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (last visited June 10, 2021) (showing that no inmates at FCI Gilmer have a current COVID-19 infection). Two-thirds of the inmates at FCI Gilmer have been fully inoculated against COVID-19. *See id.* (showing that as of June 10, 2021, 1037 inmates at FCI Gilmer have been fully inoculated against COVID-19); https://www.bop.gov/about/statistics/population_statistics.jsp (showing that as of June 10, 2021, the BOP reports that FCI Gilmer and the camp at Gilmer have a total inmate population of 1552). Thus, the risk that Mr. Roberts will actually contract COVID-19 has been significantly reduced. That said, the nature of prisons means that the virus can spread quickly and that inmates have little

ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Roberts faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

Also weighing in Mr. Roberts's favor under the Court's § 3553(a) analysis, he has taken several BOP classes during his imprisonment, including: Spanish, finance, life skills, commercial driver's license, Celebrate Recovery (a drug treatment program) and college level courses. Dkt. 582-4. Mr. Roberts has been on the waitlist for Unicor for 18 months, but it has been delayed due to COVID-19. Mr. Roberts has had only one disciplinary infraction during his incarceration, and it was in 2017. Dkt. 582-3. If released, Mr. Roberts will live at a home owned by his mother, and he will have the support of his parents and brother. Dkt. 582-16. He plans to start a woodworking business with his brother and will cultivate a relationship with his son and granddaughter. *Id.*

Weighing against him, Mr. Roberts was a part of a conspiracy to distribute methamphetamine and ultimately pled guilty to selling methamphetamine to undercover officers on two occasions. Mr. Roberts has a serious criminal history, including felony convictions for: (1) two counts of battery by bodily waste in 2003; (2) felony escape in 2009; (3) possession of methamphetamine in 2011; (4) possession of more than 10 grams of a drug precursor in 2011; (5) felony escape in 2011; (6) sale of a Schedule II controlled substance (methamphetamine) in 2010; and (7) resisting law enforcement in 2011. Dkt. 376. Both of Mr. Roberts's escape convictions relate to him violating home detention orders. His conviction for resisting law enforcement occurred when he fled at a high rate of speed from an officer who was trying to perform a routine traffic stop. Mr. Roberts also has 8 misdemeanor convictions, one of which involved him hitting his victim in the head with a glass, repeatedly hitting him in the head with his fist and kicking him. The BOP rates him as a high risk for recidivism and gives him a medium security classification.

Dkt. 582-4. Finally, Mr. Roberts has completely slightly less than half his sentence and is not scheduled to be released for more than 5 ½ years.

In light of these considerations, the Court finds that releasing Mr. Roberts early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. The Court is sympathetic to the risks Mr. Roberts faces from COVID-19 but does not find that those risks warrant releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence).

### III. Conclusion

For the reasons stated above, Mr. Roberts's motion for compassionate release, dkt. [530], is **denied**.

**IT IS SO ORDERED.**

Date: 6/14/2021

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel